| EEOC Form 5 (5/01) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION** This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: [X] FEPA [X] EEOC | Agency(ies) Charge No(s): 07-CRD-0022 14B-2007-00022 | |

NC Office Of Administrative Hearings _and EEOC_
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Thomas E. Evans | (919) 553-8625 | 09-06-1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4 Pinnacle Point, Clayton, NC 27527 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| EAST CAROLINA UNIVERSITY | 500 or More | (252) 328-6131 |

| Street Address | City, State and ZIP Code |
|---|---|
| East Fifth Street, Greenville, NC 27858 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| East Carolina University Police Department | | (252) 328-6964 |

| Street Address | City, State and ZIP Code |
|---|---|
| 609 East Tenth Street | Greenville, NC 27858-4353 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [X] OTHER *(Specify below.)*
NCGS 7A-759

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-20-2006   Latest: 07-18-2006
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I.  I was employed as the Assistant Chief of Police for the East Carolina Police Department from March 9, 2006 until my discharge on July 18, 2006.

II.  Immediately upon my hire in March 2006, Captain Elizabeth Watkins (Race, White/Sex, Female) complained that my hire was biased and pre-selected. An investigation was initiated into my selection and hire by Taffye Benson Clayton, (Race, Black/Sex, Female), ECU EEO Official. During my employment several black female and male officers had complained to Captain Watkins because they resented my being in the position as the Assistant Police Chief. They knew Captain Watkins would present their complaints to Dr. Marilyn Sheerer (Race, White/Sex, Female), Interim Vice Chancellor, ECU Student Life.

As part of my hire, I was guaranteed a take-home car due to my position as the Assistant Chief of Police. In April 2006, I was assigned a temporary vehicle; my permanent vehicle had been ordered from State Motor Fleet but had not arrived. Three weeks later, Chief Robert Stroud (Race, White/Sex, Male), ECU Police Department, informed me that an anonymous complaint had been made to the State Budget Office in Raleigh regarding my use of the vehicle. Prior to a meeting to discuss

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 2/9/2007  *Thomas E. Evans* Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>07-CRD-0022<br>14B-2007-00022 |
|---|---|---|

NC Office Of Administrative Hearings _____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

the matter, Chief Stroud informed me he had learned Lucia Brannon (Race, White/Sex, Female), Supply Clerk for the Police Department, had made the call to Raleigh. Captain Watkins informed Chief Stroud she had instructed Ms. Brannon to call and file the complaint.

On April 28, 2006, Chief Stroud and I met with Dr. Lynn Roeder (Race,White/Sex,Female), ECU Student Life, and Scott Buck (Race, White/Sex, Male), ECU Budget and Finance Officer, to discuss my being assigned a take-home vehicle. Mr. Buck stated there had been a mistake and error and I would have to reimburse ECU for all the miles driven during the three weeks I had used the car assigned to me. When I objected to garnishment of my salary, Dr. Roeder stated I needed to understand my situation. I stated I was not sure what she meant and she replied my probationary status as an employee would be affected.

On May 24, 2006, I met with Dr. Roeder in her office. She stated she did not have anything new to tell me other than the amount to be taken from my salary had been reduced from around $1500.00 down to $431.00. On May 30, 2006, I received a letter from Dr. Roeder on official ECU letterhead which recapped our previous meeting. During this entire sequence of events, I continued to do my job as I was hired to do.

On June 22, 2006, I met with Chief Stroud to conduct my Quarterly Evaluation. He had written that I had done an "Outstanding" job on the arson fire, researching and designing new uniforms and badges for the department, balancing and planning the department reorganization, and assisting with national accreditation. My only weakness was the limited time I had available to be at work due to my required recertification training.

On July 5, 2006, I was called into Chief Stroud's office. I was informed Dr. Moore had never signed my evaluation. Dr. Sheerer had refused to sign my evaluation. Chief Stroud had to rewrite my evaluation, back date it to June 20, 2006, and state that I was "Below Good". I did not sign the evaluation since I felt it was false and inaccurate.

On July 18, 2006, Chief Stroud handed me a letter of termination.

In September 2006, I had the opportunity to become employed with the NC Secretary of State, Securities Division, as a fraud investigator. John C. Curry, the hiring manager, offered me a position tentative on the completion of a background investigation. Upon completion of his contact with Chief Stroud, Dr. Sheerer and Dr. Harrell, Mr. Curry stated he could not hire me due to the negative recommendations from ECU.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2/9/2007          *Thomas E. Evans*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

II. I believe that I have been discriminated against because of my race (White), Sex (Male) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended; and in violation of Chapter 7A-759 of the North Carolina General Statutes.

| EEOC FORM 131-A (5/01) | U.S. Equal Employment Opportunity Commission | |
|---|---|---|
| | | PERSON FILING CHARGE |
| Dr. Steven Ballard<br>Chancellor<br>EAST CAROLINA UNIVERSITY<br>Greenville, NC 27834 | | Thomas E. Evans |
| | | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | | EEOC CHARGE NO.<br>14B-2007-00022 |
| | | FEPA CHARGE NO.<br>07-CRD-0022 |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act  [ ] The Americans with Disabilities Act
[ ] The Age Discrimination in Employment Act  [ ] The Equal Pay Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
                                                  *(FEP Agency)*

[X] The  NC Office Of Administrative Hearings  and sent to EEOC for dual filing purposes.
            *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination. (DISCHARGE)

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| February 20, 2007 | Reuben Daniels, JR,<br>District Director | |

# EEOC AFFIDAVIT

*(This form is affected by the Privacy Act of 1974. See Privacy Act Statement on reverse before completing this form.)*

| NAME: Thomas E. Evans | TELEPHONE NUMBER (Give area code) HOME: (919) 553-8625  WORK: (919) 810-7079 |
|---|---|
| ADDRESS (Number, street, city, state, zip) 4 Pinnacle Point, Clayton, NC 27527 | |

## THE FOLLOWING PERSON CAN ALWAYS CONTACT ME

NAME AND TELEPHONE NUMBER
Jerry Evans (919) 553-7107

ADDRESS (Number, street, city, state, zip)
107 Covey Lane, Clayton, NC 27520

## STATUS OF EMPLOYMENT

CHECK ONE: [ ] WORKING   [X] NOT WORKING   [ ] SOUGHT EMPLOYMENT AT

NAME OF EMPLOYER: East Carolina University

TYPE OF BUSINESS: State Government

DATES OF EMPLOYMENT: FROM: 03-09-06  TO: 07-18-06
WHEN EMPLOYMENT WAS SOUGHT: FROM:   TO:

POSITION TITLE: Assistant Chief of Police

DEPARTMENT: East Carolina University Police Department

ADDRESS (Number, street, city, state, zip): East Fifth Street, Greenville, NC 27858

EEOC Form 133 (10/94)

*I declare under the penalty of perjury that the foregoing is true and correct.*

DATE: 2/9/2007   SIGNATURE OF WITNESS: Thomas E. Evans   SIGNATURE OF EEOC REPRESENTATIVE: Lois N. Norris   PAGE 1 OF 2

PRIVACY ACT STATEMENT: (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal data are given below.)

1. FORM NUMBER/TITLE/DATE: EEOC FORM 133, EEOC AFFIDAVIT, December 1993.
2. AUTHORITY: 42 USC 2000e(9), 29 USC 201, 29 USC 621, 42 U.S.C. 12117.
3. PRINCIPAL PURPOSES: Provides a standardized format for obtaining sworn statements of information relevant to a charge of discrimination.
4. ROUTINE USES: The affidavits are used to: (1) make an official determination regarding the validity of the charge of discrimination; (2) guide the Commission's investigatory activity; and (3) in Commission litigation, to impeach or substantiate a witness's testimony.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR PROVIDING INFORMATION: Voluntary: Failure to provide an affidavit has no effect upon jurisdiction of the Commission to process a charge. However, sworn statements submitted by the parties are, of course, relied upon more heavily than unsworn statements in making a determination as to the existence of unlawful discrimination.

REVERSE OF EEOC FORM 133 (10/94)



I was employed as the Assistant Chief of Police for East Carolina University Police Department from March 9, 2006 until my discharge on July 18, 2006.

**\*\*\*\*\*\*\*SEE INFORMATION SUBMITTED BY THE CHARGING PARTY\*\*\*\*\*\*\***

| EEOC Form 161 (3/98) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
|---|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** | |
| To: Thomas E. Evans<br>4 Pinnacle Point<br>Clayton, NC 27527 | From: Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 | |
| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | 704-344-6734 |
| EEOC Charge No.<br>14B-2007-00022 | EEOC Representative<br>Cassandra P. Atcherson,<br>State & Local Coordinator | Telephone No.<br>(704) 344-6700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Reuben Daniels, Jr.,
District Director

October 14, 2007
(Date Mailed)

Enclosures(s)

cc: Steven Ballard
Chancellor
EAST CAROLINA UNIVERSITY
Greenville, NC 27834



EXHIBIT B

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# THOMAS E. EVANS



Thomas E. Evans is in his twenty-fourth year of professional service in the field of criminal justice. His career began in 1984 with the Greenville, NC Police Department where he served as a field intern then continued as a uniform patrol officer. His local law enforcement career advanced to various special duties including undercover assignments on a rape task force, armed robbery task force, commercial theft task force, and narcotics. In 1987, he joined the U. S. Customs Service as a criminal investigator located in Key Largo, Florida. He was assigned to the Vice-Presidential Drug Strike Force, Operation Blue Lightning, where he worked undercover within a marine tactical enforcement unit investigating international and domestic narcotics smuggling organizations. He later returned to Greenville, NC as an undercover narcotics agent and was assigned to an Organized Crime Drug Enforcement Task Force (OCDETF) with the U. S. Drug Enforcement Administration, the Federal Bureau of Investigation, the N. C. State Bureau of Investigation, and the U. S. Attorney's Office.

In 1991, Mr. Evans initiated a career as a financial crimes investigator within the private insurance and financial services industry. He served as a senior special investigator for Nationwide Insurance from 1991-1997 where he specialized in arsons, thefts, health care, and organized crime investigations. In 1997, he joined Atlantic Casualty Insurance as Director of Special Investigations where he developed and managed a financial crimes anti-fraud program. His success at this position enabled him to advance his supervisory career by assisting three other national insurance firms in developing their financial crimes anti-fraud programs before returning to federal investigative service. In 2001, he was recruited to serve as a financial fraud investigator with the US Department of Agriculture. However, due to his extensive criminal investigative background, he was asked to join the Federal Aviation Administration as a supervisory Federal Air Marshal after the terrorist attacks of September 11, 2001. In that capacity, Mr. Evans performed anti-terrorism and executive protection duties in both domestic and international venues before returning to NC law enforcement in 2006 as the Assistant Chief of Police for East Carolina University. He is currently the proprietor of Pinnacle Business Services which specializes in risk management, security threat assessments, and related services for insurance, financial, legal, and other corporate clients. He also maintains a State of NC law enforcement certification with the Capitol Special Police in Raleigh, NC.

Mr. Evans was born and raised in Roanoke Rapids, NC. He graduated with honors from Northwest Halifax High School in 1981 and was awarded a full college scholarship for superior academic achievement. He earned a B. S. degree in Criminal Justice from East Carolina University in 1984 where he graduated in the top 5% of his class. In 2000, he initiated graduate studies with East Carolina University and earned a M. S. degree in Criminal Justice (Management) in December 2004. He has achieved the professional designations of Certified Fraud Examiner, Certified Insurance Fraud Investigator, and Fraud Claims Law Specialist. He also holds an insurance property and casualty adjuster license with the North Carolina Department of Insurance. He is experienced in both martial arts and law enforcement defensive tactics. He has acquired over 5000 hours of in-service training during his career. Mr. Evans has provided certified instruction to both the law enforcement community and the insurance services community at the in-service and undergraduate levels. He currently serves as an adjunct professor in criminal justice with NC Wesleyan College. He specializes in criminal procedure, management, interview and interrogation, search and seizure, criminal investigation, Constitutional Law, fraud, financial crimes, and claims law.

Mr. Evans resides in Clayton, NC with his wife, Ella, who is the Managing Director for Raleigh Neurosurgical Clinic in Raleigh, NC.

EXHIBIT C

# Thomas Edward Evans, MSCJ, CFE
4 Pinnacle Point, Clayton, NC 27527
919-810-7079 (Mobile) 919-553-4006 (Office)
Email: tevanspi@cs.com

---

**OBJECTIVE:** Experienced law enforcement, criminal investigator, security, and risk management professional seeking new opportunity with a proven professional organization.

## WORK EXPERIENCE:

**Capitol Special Police** – Captain, 03/2007-present, $14 per hour
- Serve as supervisory NC law enforcement officer under the appointed authority of the Office of the NC Attorney General. Conduct general law enforcement duties including routine patrol, calls for service, criminal investigations, and dignitary & executive protection duties for contracted clients of residential, commercial, & other business properties, and at special public and private events in the Raleigh-Durham-Triangle, NC area.

**Pinnacle Business Services** – Self Employed, 08/2006-present, $40-65 per hour
- Conduct financial risk reviews; liability and negligence critiques; risk management assessments; training; and other loss prevention services for financial, legal, and other business clients. I provide expertise on fraud, risk/liability issues, security and compliance issues, and assist with developing strategic security plans. I conduct further examination and inquiry when necessary to clarify facts and events. I also serve as a criminal justice professor with NC Wesleyan College.

**East Carolina University** – Assistant Chief of Police, 03/2006-08/2006, $66,000 per year
- Supervisor of a state law enforcement agency comprised of 69 employees. Oversight of Patrol Operations, Support Services (Business Affairs, IT), and Campus Safety (Crime Prevention, Analysis, Investigations). Other duties were Media Spokesperson, Internal Affairs, Professional Development, and managing national accreditation. Probationary termination due to university administration change in senior leadership.

**Liberty Mutual Insurance** – Senior Investigator, 08/2005-03/2006, $52,000 per year
- Conducted claims investigations and other related service activities in central and eastern NC. Duties included obtaining sworn statements, fraud and misrepresentation investigations, scene investigations, injury and death investigations, worker's compensation investigations, and loss prevention assessments. Resigned when recruited to NC law enforcement supervisor position and attend NC law enforcement recertification.

**US Federal Air Marshal Service** – Federal Air Marshal, 03/2002-07/2005, $106,500 per year
- Performed covert federal law enforcement and criminal investigative duties on aircraft and at aviation facilities located in the U.S. and international venues. Conducted threat assessments, responded to criminal threats, and made appropriate arrests. Other duties included surveillance, searches for dangerous weapons, intelligence gathering, evidence collection, and served as assistant training instructor. Top Secret clearance. Resigned due to two years of work related sinus and respiratory illnesses; federal medical claim is pending.

**USDA Risk Management Agency** – Compliance Investigator, 10/2001-03/2002, $65,129 per year
- Conducted criminal and civil financial fraud investigations involving corruption, abuse, and compliance violations of the USDA federal crop insurance act. Targets involved insurance companies, their staff, and other entities under contractual obligations with the USDA. Worked with Office of General Counsel, Office of Sanctions, and the US Attorney's Office in seeking appropriate criminal and civil penalties. Transferred to the FAA when recruited as supervisory Federal Air Marshal due to the 09-11-01 terrorists' attacks.

**Ohio Casualty Group** – Supervisor/Senior Special Investigator, 01/2000-10/2001, $57,292 per year
- Conducted complex insurance and financial crimes investigations related to fire/arson/explosion, armed robberies, thefts, disasters, medical & health care frauds, and internal corruption. Served as industry/staff trainer. Accepted federal fraud investigator position after company took financial downturn resulting in downsizing and layoffs.

**Progressive Insurance** – Regional Manager, 12/1998-01/2000, $51,000 per year
- Supervisor of property and casualty claims investigation division. Coached, mentored, trained, as well as analyzed statistical data to improve employee performance. Managed investigations and dispositions; developed budget, policy, procedure, and business strategies. Also, supervised administrative tasks for office including staff hiring, supplies, and information systems. Resigned to return to professional expertise of criminal investigations.

**MJM Investigations** – Director, National Operations, 07/1998-11/1998, $62,000 per year
- Senior manager responsible for daily field operations for over 175 investigative staff. Coordinated anti-fraud investigation program development, created investigative strategy, and analyzed operating efficiency. Assisted with coordinating training, budget, policy and procedure. Position eliminated during management restructure.

**Strickland Insurance** – Director, Special Investigations Unit, 03/1997-07/1998, $62,000 per year
- Developed fraud investigations program for regional U.S. corporation. Created program mission, policy & procedures, anti-fraud business plan, all positions, duties, and responsibilities. Maintained expense controls of $500,000 annual budget. Completed assigned projects of company president and vice-president. Served as trainer for industry and law enforcement. Position was eliminated when company divested and sold.

**Nationwide Insurance** – Senior Special Investigator, 05/1991-03/1997, $48,400 per year
- Specialized in complex financial crimes investigations. Responsible for the investigation, and resolution of illegal activity. Expert in commercial and personal property crimes, medical and legal conspiracies, fire/arson/explosions, disability and life insurance frauds, and worker's compensation fraud. Served as local & national trainer for staff, industry, and law enforcement. Recruited to senior fraud investigative management position.

**Greenville NC Police/DEA Task Force** – Criminal Investigator, 08/1984-05/1991, $28,000 per year
- Began as student intern in fall of 1984; continued with permanent employment in 1985. Conducted general law enforcement duties and served as field training officer, squad crime scene investigator, and assigned various undercover roles. Served during 1987 as a criminal investigator with the US Customs Service assigned to investigate international narcotic smuggling operations in southern Florida, Caribbean, and South America. In late 1987, returned to Greenville, NC and assigned to USDEA and NCSBI on federal drug enforcement task force. Investigated drug smuggling enterprises operating in NC and US, executed search warrants, conducted land/air surveillance, monitored telephone wiretaps, seized evidence & illicit proceeds, and testified in state/federal courts. Resigned due to permanent move to Raleigh, NC and planned marriage.

**EDUCATION:**

- Master of Science, Criminal Justice, East Carolina University, December 2004, 3.8 GPA

- Bachelor of Science, Criminal Justice, East Carolina University, December 1984, 3.28 GPA

- HS Diploma, Northwest Halifax High School, Littleton, NC, June 1981, 3.8 GPA

## JOB-RELATED TRAINING COURSES:

- 1991-2008: Various specialized financial crimes, fraud, forensic accounting, arson, theft, medical, health care, & other criminal investigative and financial services courses. 3000+ hours as instructor and student.

- 2006: NC Law Enforcement Training (recertification). General instruction. 628 hours.

- 2002-2005: Federal Air Marshal Service. Basic, Advanced, and In-Service courses including criminal investigation, interrogation, executive protection, firearms, defensive tactics, and others. 400 Hours.

- 1987: Federal criminal investigation and U.S. Customs Service special agent training. 800 hours.

- 1985: NC Basic Law Enforcement Training. General instruction. 450 hours.

- Complete Training Record is available.

## JOB-RELATED CERTIFICATES AND LICENSES:

- Adjunct Professor – North Carolina Wesleyan College
- NC Law Enforcement Certification – NC Atty. General/Criminal Justice Training & Standards
- Federal Law Enforcement/Criminal Investigator Certification – US Federal Law Enf. Trng. Ctr.
- Certified Fraud Examiner (CFE) – Association of Certified Fraud Examiners
- Certified Insurance Fraud Investigator (CIFI) – International Asso. of Special Investigation Units
- Fraud Claims Law Specialist (FCLS) – American Educational Institute
- NC Property & Casualty Adjuster Licenses & Certified Instructor – NC Department of Insurance
- Law Enforcement Tactics/Martial Arts Instructor (Black Belt, 25 years experience)
- Top Secret Security Clearance-Active

## JOB-RELATED HONORS, AWARDS, ETC:

- 2006: Superior Performance-Cash Award, Liberty Mutual Insurance
- 2004-2005: Superior Performance-Cash and Service Credit Awards, Federal Air Marshal Service
- 2004: Distinguished Graduate, MSCJ Program, East Carolina University
- 2003: Superior Performance-Promotion, Federal Air Marshal Service
- 2000: Superior Performance-Promotion, Ohio Casualty Group
- 1999: Superior Performance-Cash Award, Progressive Insurance
- 1998: Superior Performance-Cash Award, Strickland Insurance
- 1991-1997: Superior Performance-Promotions/Various Company Awards, Nationwide Insurance
- 1987: Superior Performance-Fitness & Academic Awards, Federal Law Enf. Training Center
- 1984: Distinguished Graduate, Chancellor's List, Top 5% of Class, East Carolina University
- 1984: Alpha Phi Sigma (National Criminal Justice Honor Society) – East Carolina University
- 1981: Full Academic Scholarship, NC Division of US Veteran's Administration
- 1981: HS Honors Graduate, 3rd in Class, National Beta Club, National Honor Society

# EAST CAROLINA UNIVERSITY
# POLICE DEPARTMENT

# WORK PLAN AND EVALUATION FORM

Name: _Thomas Evans_  SSN: _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_

Classification: _Assistant Chief_  Dept: _40600000_
_(Public Safety Director-JC)_

Position Number: _09136_  Division: _Police - Student Life_

Period Covered: From: _Mar. 9, 2006_  To: _June 9, 2006_

Check Appropriate Box:

☐ Work Plan Discussed
☑ Interim Quarterly Review Conducted (Probationary employees only)
☐ Interim Review Conducted
☐ Final Evaluation Conducted

Employee's Signature: _Thomas E. Evans_  Date: _6/22/2006_
(Signature acknowledges review/receipt of the above marked performance evaluation document.)

Supervisor: _Robert C. Stroud_  Classification: _Chief/Director_
Supervisor's Signature: _RM C ____  Date: _6/26/06_

Rater's Supervisor: _____  Classification: _____
Rater's Signature: _____  Date: _____

ECUPD 300.10
Revised: 06/20/06

**EXHIBIT D**

## QUARTERLY REVIEW

**NAME: Thomas E. Edwards, Assistant Chief**

**Quarterly Progress Review:**
In his short time with the ECU Police Department, Thomas Evans has demonstrated a great deal of initiative in learning the police department and the campus. Unfortunately, Mr. Evans has not been able to become as involved as he would like since he has had to attend BLET training at Lenoir Community College. Despite this, he has also shown a great deal of motivation in tackling projects. One such project has involved the selection of new uniforms for the department to include a new design for the departmental badge and patch. Another area that Mr. Evans has been able to show his ability is with the media. Mr. Evans serves as the Media Relations Officer, and he did an outstanding job in communicating with media representatives concerning the fire/arson that occurred in Clement Residence Hall. Mr. Evans also leads by an example, and he showed his ability to deal with controversial situations when several officers were found to have set up inappropriate personal pages on the internet. Mr. Evan's performance is outstanding at this time, and I would like to see him continue to learn the department and develop positive relationships within the department as well as across campus. (posted on 6/20/06)

## CERTIFICATE of SERVICE

I certify that the foregoing AMENDED COMPLAINT was filed on 3 APRIL 2008 with the CLERK of COURT, USDC-EDNC, IN PERSON. I also hereby certify that I have mailed the document to the following in U.S. First Class Mail, Certified, Return Receipt, addressed to:

1) University Attorney
East Carolina University
210 Spilman Bldg
E. Fifth St
Greenville, NC 27858

2) Thomas J. Ziko
Special Deputy Attorney General
Attorney for Defendant
NC Department of Justice
P.O. Box 629
Raleigh, NC 27602

This the 3rd day of April 2008.

*Thomas E. Evans*
Thomas E. Evans
4 Pinnacle Point
Clayton, NC 27527