**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**Civil Action No. 5:08-CV-0053**

| | |
|---|---|
| **THOMAS E. EVANS,** | |
| **Plaintiff,** | |
| **v.** | **ANSWER TO AMENDED COMPLAINT** |
| **EAST CAROLINA UNIVERSITY,** | |
| **Defendant.** | |

**COMES NOW** Defendant East Carolina University ("ECU"), through counsel, and answering the Amended Complaint, alleges and says:

<u>**FIRST DEFENSE**</u>

1.      ECU admits that Plaintiff filed a charge with the EEOC and the North Carolina Office of Administrative Hearings on or about February 9, 2007, and that the charge, attached to the Amended Complaint as Exhibit A, speaks for itself.

2.      Paragraph 2 of the Amended Complaint states a legal conclusion and requires no answer.

3.      It is admitted that Exhibit B, which is attached to the Amended Complaint, speaks for itself.  ECU does not have sufficient knowledge or information to formulate a belief regarding the remaining allegations in paragraph 3 of the Amended Complaint, and therefore denies same.

4.      ECU admits that Plaintiff filed a complaint in Johnston County Superior Court on January 15, 2008.  ECU does not have sufficient knowledge or information to formulate a belief regarding the remaining allegations in paragraph 4 of the Amended Complaint, and therefore

denies same.

5.      ECU admits that it filed a petition for removal of the action in this Court on February 12, 2008.

6.      Paragraph 6 of the Amended Complaint states a legal conclusion and requires no answer.

7.      It is admitted that venue is proper in this Court.

8.      Paragraph 8 of the Amended Complaint states a legal conclusion and requires no answer.  Any factual allegations in paragraph 8 of the Amended Complaint are denied.

9.      Paragraph 9 of the Amended Complaint states a legal conclusion and requires no answer.

10.     The allegations in paragraph 10 of the Amended Complaint are admitted.

11.     ECU admits that Plaintiff filed his Amended Complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

12.     ECU admits upon information and belief that Plaintiff is a citizen and resident of Johnston County and a white male adult.  The remaining allegations in paragraph 12 of the Amended Complaint state a legal conclusion which requires no answer.  Any factual allegations remaining in paragraph 12 of the Amended Complaint are denied.

13.     ECU admits that it is a constituent institution in the University of North Carolina system and is located in Greenville, North Carolina.  ECU further admits that Plaintiff was employed by ECU from March 9, 2006 until July 18, 2006.  Any remaining allegations in paragraph 13 of the Amended Complaint are denied.

14.     Paragraph 14 of the Amended Complaint states a legal conclusion and requires no

answer.

15.     Paragraph 15 of the Amended Complaint states a legal conclusion and requires no answer.

16.     The allegations in paragraph 16 of the Amended Complaint are admitted.

17.     ECU does not have sufficient knowledge or information to formulate a belief regarding the allegations in paragraph 17 of the Amended Complaint, and therefore denies same.

18.     ECU does not have sufficient knowledge or information to formulate a belief regarding the allegations in paragraph 18 of the Amended Complaint, and therefore denies same.

19.     The allegations in paragraph 19 of the Amended Complaint are denied.

20.     It is admitted that in October 2005, the Police Department submitted an application requesting the assignment of a vehicle for official use by the new Assistant Police Chief.  It is further admitted that there was a delay in assignments of the 2006 vehicles until after Plaintiff was hired.  It is further admitted that the Police Department made arrangements to obtain a vehicle for Plaintiff's official use until a permanent assignment could be made.  The remaining allegations in paragraph 20 of the Amended Complaint are denied.

21.     It is admitted that after Plaintiff was hired, a vehicle was obtained from the central motor pool for Plaintiff's official use (the "official vehicle").  The remaining allegations in paragraph 21 of the Amended Complaint are denied.

22.     It is admitted that Plaintiff proceeded to use the official vehicle in the performance of his official duties.  It is denied that Plaintiff was authorized to use the official vehicle travel to and from his residence.

23.     It is admitted that John Massey, the Director of Motor Fleet Management in

Raleigh, contacted ECU regarding Plaintiff's use of the official vehicle and informed ECU that Plaintiff could not use a State vehicle to drive between his home and ECU. It is further admitted that Plaintiff was subsequently informed that he would be required to reimburse the State for his use of the official vehicle between his home and duty station. The remaining allegations in paragraph 23 of the Amended Complaint are denied.

24. The allegations in paragraph 24 of the Amended Complaint are denied.

25. It is admitted that Plaintiff objected to reimbursing the State and argued that he was not required to reimburse the State for the mileage between his home and duty station. It is denied that Plaintiff was not required to reimburse the State for the mileage between his home and duty station. Any remaining allegations in paragraph 25 of the Amended Complaint are denied.

26. ECU admits that Plaintiff was told that his paycheck would be garnished for the cost incurred in his unauthorized use of the official vehicle. ECU further admits that Plaintiff objected to the garnishment. The remaining allegations in paragraph 26 of the Amended Complaint are denied.

27. ECU denies that Plaintiff was informed that if he did not cease his inquiries, he would be terminated. ECU does not have sufficient knowledge or information to formulate a belief regarding the remaining allegations in paragraph 27 of the Amended Complaint, and therefore denies same.

28. ECU does not have sufficient knowledge or information to formulate a belief regarding what Plaintiff may have told unnamed "University officials," and therefore, the allegations in paragraph 28 of the Amended Complaint are denied.

4

29.     ECU admits that an Employer's Report of Employee's Injury (Form 19) was filed on or about June 20, 2006, and that a Claim (Form 18) was completed on or about August 3, 2006.  The remaining allegations in paragraph 29 of the Amended Complaint are denied.

30.     ECU denies the allegations in paragraph 30 of the Amended Complaint.

31.     It is admitted that during the course of his employment as the Assistant Chief of Police, Plaintiff assisted with the arson fire scene at Clement Hall.  The remaining allegations in paragraph 31 of the Amended Complaint are denied.

32.     The allegations in paragraph 32 of the Amended Complaint are denied.

33.     ECU does not have sufficient knowledge or information to formulate a belief regarding the allegations in paragraph 33 of the Amended Complaint, and therefore denies same.

34.     ECU admits that Robert Stroud was the Chief of Police on or about June 22, 2006, and that Robert Stroud is a white male.  ECU further admits that Plaintiff's quarterly review, attached to the Amended Complaint as Exhibit D, speaks for itself.  The remaining allegations in paragraph 34 of the Amended Complaint are denied.

35.     ECU admits that Dr. Marilyn Sheerer is a white female, and at that time Plaintiff's performance evaluation was completed, she was the Interim Vice Chancellor for Student Life and Chief Stroud's superior.  ECU denies the remaining allegations in paragraph 35 of the Amended Complaint.

36.     ECU admits that Dr. Sheerer became Interim Vice Chancellor for Student Life for shortly after Plaintiff was hired.  ECU denies the remaining allegations in paragraph 36 of the Amended Complaint.

37.     ECU denies that Dr. Sheerer threatened Chief Stroud in any way.  ECU does not

have sufficient knowledge or information to formulate a belief regarding the remaining allegations in paragraph 37 of the Amended Complaint, and therefore denies same.

38.     ECU denies that Dr. Sheerer told Chief Stroud that she did not trust males, especially white males.  ECU does not have sufficient knowledge or information to formulate a belief regarding the allegations in paragraph 38 of the Amended Complaint, and therefore denies same.

39.     ECU admits that Plaintiff's employment was terminated during his probationary period, that Plaintiff was informed of his termination by letter dated July 18, 2006, and that the termination letter speaks for itself.  The remaining allegations in paragraph 39 of the Amended Complaint are denied.

40.     ECU admits that Chief Stroud signed Plaintiff's letter of termination.  ECU denies that Dr. Sheerer ordered Chief Stroud to discharge Plaintiff.  ECU does not have sufficient knowledge or information to formulate a belief regarding the remaining allegations in paragraph 40 of the Amended Complaint, and therefore denies same.

41.     ECU denies the allegations in paragraph 41 of the Amended Complaint.

42.     It is admitted that Chief Stroud has left his employment with ECU.  The remaining allegations in paragraph 42 of the Amended Complaint concern confidential personnel records, and ECU is prohibited by Chapter 126, Article 7 of the North Carolina General Statutes from either admitting or denying these allegations.

43.     The allegations in paragraph 43 of the Amended Complaint concern confidential personnel records, and ECU is prohibited by Chapter 126, Article 7 of the North Carolina General Statutes from either admitting or denying these allegations.

44.     The allegations in paragraph 44 of the Amended Complaint concern confidential personnel records, and ECU is prohibited by Chapter 126, Article 7 of the North Carolina General Statutes from either admitting or denying these allegations.

**First Cause of Action: Discrimination Based on Race and Sex**

45.     ECU incorporates the preceding paragraphs of its Answer as if fully set forth herein.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

**Second Cause of Action: Wrongful Discharge**

51.     ECU incorporates the preceding paragraphs of its Answer as if fully set forth herein.

52.     It is admitted that Plaintiff was provided with a vehicle to operate in the course of his official duties while employed at ECU.  It if further admitted that Plaintiff was informed that he would be required to reimburse the State for mileage between his home and duty station.  The remaining allegations in paragraph 52 of the Amended Complaint are denied.

53.     The allegations in paragraph 53 of the Amended Complaint are denied.

54.     It is admitted that Plaintiff objected to reimbursing the State and argued that he was not required to reimburse the State for the mileage between his home and duty station.  It is denied that Plaintiff was not required to reimburse the State for the mileage between his home

and duty station. Any remaining allegations in paragraph 54 of the Amended Complaint are denied.

55.     It is admitted that the amount Plaintiff was required to reimburse the State for mileage driven between his home and duty station was deducted from Plaintiff's wages. The remaining allegations in paragraph 55 of the Amended Complaint are denied.

56.     The allegations in paragraph 56 of the Amended Complaint are denied.

57.     ECU does not have sufficient knowledge or information to formulate a belief regarding the allegations in paragraph 57 of the Amended Complaint concerning unnamed "University officials," and therefore denies same.

58.     ECU admits that an Employer's Report of Employee's Injury (Form 19) was filed on or about June 20, 2006, and that a Claim (Form 18) was completed on or about August 3, 2006. The remaining allegations in paragraph 58 of the Amended Complaint are denied.

59.     ECU does not have sufficient knowledge or information to formulate a belief regarding the allegations in paragraph 59 of the Amended Complaint, and therefore denies same. ECU denies that it hindered Plaintiff's access to medical care in any way.

60.     It is admitted that during the course of his employment as the Assistant Chief of Police, Plaintiff assisted with the arson fire scene at Clement Hall. The remaining allegations in paragraph 60 of the Amended Complaint are denied.

61.     The allegations in paragraph 61 of the Amended Complaint are denied.

62.     ECU does not have sufficient knowledge or information to formulate a belief regarding the allegations in paragraph 62 of the Amended Complaint, and therefore denies same.

63.     ECU denies the allegations in paragraph 63 of the Amended Complaint.

64.     Paragraph 64 of the Amended Complaint states a legal conclusion and requires no answer.  Any factual allegations in paragraph 64 of the Amended Complaint are denied.

## SECOND DEFENSE

Plaintiff's Second Cause of Action is barred by the Eleventh Amendment and should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant ECU respectfully prays that the Court:

1.     Enter judgment for Defendant ECU on all claims in the Amended Complaint;

2.     Dismiss the Second Cause of Action in the Amended Complaint;

3.     Tax all costs of this action against Plaintiff; and

4.     Grant Defendant such other relief as the Court considers proper.

This the 19th day of May, 2008.

ROY COOPER
Attorney General

/s/ Thomas J. Ziko
Special Deputy Attorney General
Thomas J. Ziko Bar No. 8577
Email: tziko@ncdoj.gov

/s/ Katherine A. Murphy
Assistant Attorney General
Katherine A. Murphy Bar No. 26572
Email: kmurphy@ncdoj.gov

Attorneys for Defendant
N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602
Telephone: (919) 716-6920
Fax: (919) 716-6764

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**Civil Action No. 5:08-CV-0053**

**THOMAS E. EVANS,**

    **Plaintiff,**

       **v.**

**EAST CAROLINA UNIVERSITY,**

    **Defendant.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on 19 May 2008, I electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system.  I also hereby certify that I have mailed the document to the following non-CM/ECF participant in the United States mail, first-class postage prepaid, addressed to:

>Thomas E. Evans
>4 Pinnacle Point
>Clayton, NC  27527
>*Plaintiff Pro-Se*

Respectfully submitted,

>/s/ Katherine A. Murphy
>Assistant Attorney General
>Attorney for Defendant
>N.C. Department of Justice
>P.O. Box 629
>Raleigh, NC  27602
>Telephone: (919) 716-6920
>Fax: (919) 716-6764
>E-mail: kmurphy@ncdoj.gov
>Katherine A. Murphy Bar No. 26572