IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 5:08-CV-0053-BO

| | |
|---|---|
| THOMAS E. EVANS, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| EAST CAROLINA UNIVERSITY, | ) |
| Defendants. | ) |

This matter is before the Court on Defendant's Amended Motion to Dismiss. Plaintiff stipulates to the dismissal of its Wrongful Discharge in Violation of North Carolina Public Policy. Accordingly, the Defendant's Motion to Dismiss is GRANTED. For the following reasons, Defendant's Amended Motion to Dismiss relating to Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 is GRANTED.

BACKGROUND

Defendant, East Carolina University (ECU), hired Plaintiff as its Assistant Chief of Police on March 9, 2006. Defendant assigned Plaintiff a temporary rental law enforcement vehicle in connection with his employment because the permanent law enforcement vehicle had yet to arrive. Plaintiff used the vehicle in the performance of his official duties as well as to travel to and from his residence. When it became known to Defendant that Plaintiff's use of the vehicle outside of his official duties violated the state regulations of North Carolina, Defendant informed Plaintiff he would be required to reimburse ECU for the use of the vehicle. Defendant also asked

1

Plaintiff to sign statement indicating he engaged in wrongdoing by utilizing the vehicle. Plaintiff refused to sign the statement and reimburse Defendant for the use of the vehicle. As a result, Defendant began to withhold a portion of Plaintiff's salary in order to recover the sum ECU sought reimbursed. Plaintiff informed Defendant of his intention to hire an attorney to contest the withholding of his wages.

Later, during an investigation of an arson at ECU, Plaintiff prevented the Vice Chancellor of Campus Operations entry into the fire scene. Plaintiff alleges the Vice Chancellor retaliated against him for doing so.

Lastly, on June 22, 2006, Plaintiff received an evaluation from his immediate supervisor, the Chief of Police at ECU. The evaluation rated Plaintiff's performance as "outstanding." However, the evaluation was subsequently reviewed and revised by the Vice Chancellor of Student Life, Dr. Marilyn Sheerer, to reflect a rating of "below good." Plaintiff alleges that the Chief of Police at ECU informed him that the Vice Chancellor had threatened his termination if Plaintiff's rating was not revised. Further, Plaintiff alleges that the Chief of Police at ECU, at some point in time, informed him that Dr. Sheerer had said she distrusted white males.

On July 18, 2006, Defendant terminated Plaintiff's employment, citing the reasons included in the revised performance evaluation. Subsequently, Plaintiff filed a complaint, alleging Defendant violated Title VII of the Civil Rights Act of 1964 and North Carolina Public Policy by discriminating against him based on his race and gender. On March 19, 2008, Defendant filed the instant Motion to Dismiss.

DISCUSSION

When acting on a motion to dismiss under Rule 12(b)(6), this Court accepts the facts as alleged by the plaintiff and construes them in the light most favorable to the plaintiff. *See Iodice v. United States*, 289 F.3d 270, 273 (4th Cir. 2002). Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 125 S.Ct. 1955, 1965 (2007). If the factual allegations to not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Id.* at 1973.

In the employment discrimination context, a complaint need not allege specific facts establishing a prima facie case of discrimination. *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-11 (2002). In other words, a plaintiff is not charged with "forecasting evidence sufficient to prove an element" of her claim. *Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-765 (4th Cir. 2003)(quoting *Iodice*, 289 F.3d at 281 (emphasis omitted)). However, a plaintiff "must still allege facts sufficient to state all the elements of their claim." *Bass*, 324 F.3d at 765 (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) ("The Supreme Court's holding in *Swierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." (internal citation omitted))).

In the instant case, Plaintiff alleges that Defendant terminated his employment on the basis of his race and sex in violation of Title VII of the Civil Rights Act of 1964. In support of his claim, Plaintiff provides an accounting of the problems he encountered with his coworkers and supervisors. Plaintiff alleges such problems arose because of Plaintiff's unwillingness to

3

partake in a "cover up" relating to the improper use of a rental vehicle and Plaintiff's prevention of the unauthorized entry onto a fire scene on the university campus by the university's Senior Associate Vice Chancellor of Campus Operations. These facts, however, do not have anything to do with Plaintiff's gender or race. In fact, Plaintiff's only allegation in support of his claim that relates to gender or race is as follows: Plaintiff's supervisor's superior, Dr. Sheerer, the university's Vice Chancellor of Student Life, stated she distrusted white males. Plaintiff's Amended Complaint at 6, para. 38, Thomas Evans v. East Carolina University, 5:08-CV-0053-BO (E.D.N.C. 2008).

In the claims section of Plaintiff's Amended Complaint, Plaintiff merely asserts his termination was on the basis of his race and sex. Plaintiff has failed to allege facts sufficient to support his Title VII claim. Even viewed in the light most favorable to Plaintiff, the facts Plaintiff alleges "merely tell a story of a workplace dispute" regarding the rental vehicle and the incident relating to the fire scene at the university. *Bass*, 324 F.3d at 765. While it is true, the facts may allege callous behavior by her superiors, they do not describe "the type of severe or pervasive gender, race, or age based activity" necessary to state a claim that Defendant terminated his employment in violation of Title VII. *Id.* Plaintiff was required to plead facts in support of his claim, and Plaintiff has failed in this regard.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to both Plaintiff's First and Second Causes of Action.

SO ORDERED.

This 15 day of October, 2008.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE